IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID ANTHONY WARE,** <br> **DERRICK WAYNE STITH,** <br><br> Plaintiffs, <br><br> v. <br><br> **STEVE KUNZWEILER,** in his official capacity as Tulsa County District Attorney, <br> **THE DISTRICT JUDGES** of the Fourteenth Judicial District, Tulsa County, State of Oklahoma, in their official capacities, <br> **THE ASSOCIATE DISTRICT JUDGE** of the Fourteenth Judicial District, Tulsa County, State of Oklahoma, in his or her official capacity, <br> **THE SPECIAL DISTRICT JUDGES** of the Fourteenth Judicial District, Tulsa County, State of Oklahoma, in their official capacities, <br> **THE TULSA COUNTY DISTRICT COURT CLERK,** in his official capacity as member of the Court Fund Board of Tulsa County, <br><br> Defendants. | Case No. 22-CV-0076-JFH-CDL |

## ORDER

This matter is before the Court, *sua sponte*, for screening of the Second Amended Complaint ("Complaint"), filed March 25, 2022, by Plaintiffs David Anthony Ware and Derrick Wayne Stith (collectively, "Plaintiffs"). Dkt. No. 9. Plaintiffs are currently detained in state custody while awaiting criminal prosecution in two separate cases filed in the District Court of Tulsa County. Plaintiffs have been charged, among other things, with capital murder. They bring this action to challenge the constitutionality of the State of Oklahoma's statutory scheme for

compensating conflict counsel in capital cases. Plaintiffs' claim that because state law does not provide adequate compensation for conflict counsel in capital cases, permitting the State to prosecute Plaintiffs, both of whom are facing the death penalty and are represented by appointed conflict attorneys, will violate Plaintiffs' rights, under the Sixth and Fourteenth Amendments, to be provided with effective assistance of counsel, to equal protection of the law, and to due process of law. Plaintiffs seek a declaratory judgment that two Oklahoma statutes and one Tulsa County local rule governing compensation rates for conflict counsel in capital cases are unconstitutional, and Stith seeks an injunction "prohibiting Defendant Kunzweiler from seeking the death penalty against [him], unless and until the Constitutional violations associated with his legal representation have been remedied." Dkt. No. 9, at 11. This Court previously granted Ware's request to proceed *in forma pauperis*, and he paid the filing fee in full on March 28, 2022. Having screened the Complaint, under 28 U.S.C. § 1915A and § 1915(e)(2)(B), the Court DISMISSES the Complaint, without prejudice, on the ground of abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

**A.   Screening and Dismissal Standards**

Because Plaintiffs are currently incarcerated and "seek[] redress from a . . . [an] officer or employee of a governmental entity," the Complaint is subject to screening under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A(a). On review of the Complaint, the Court must "identify any cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Section 1915A(a)'s screening requirement is similar to the screening requirement for complaints filed by litigants who, like Ware, are proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). But the PLRA screening provision applies to all civil actions filed by prisoners who seek redress

from a governmental entity, officer, or employee, "without regard to their fee status." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000).

In determining whether dismissal is appropriate, the Court accepts as true Plaintiffs' factual allegations, construes reasonable inferences therefrom in Plaintiffs' favor, and disregards legal conclusions that are devoid of supporting facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief." *Bell Atl. Corp.*, 550 U.S. at 558. In addition, because federal courts are courts of limited jurisdiction, this Court has an independent duty to determine whether Plaintiffs have alleged sufficient facts to establish subject-matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1244-45 (10th Cir. 2001).

**B.** *Younger* **Abstention**

Accepting Plaintiffs' factual allegations in the Complaint as true, the Court finds those allegations sufficient to invoke federal jurisdiction under 28 U.S.C. § 1331. Nevertheless, the Court must decline to exercise that jurisdiction in this civil action.

In *Younger*, the United States Supreme Court stated that "Congress has . . . manifested a desire to permit state courts to try state cases free from interference by federal courts." 401 U.S. at 43. The "underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in

their separate ways." *Younger*, 401 U.S. at 44.

"Under the *Younger* abstention doctrine, federal courts are to abstain from exercising jurisdiction to interfere with state proceedings when the following three requirements are met: '(1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman*, 472 F.3d at 749 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). The *Younger* abstention doctrine applies to requests for declaratory judgments and requests for injunctive relief. *Samuels v. Mackell*, 401 U.S. 66, 69-73 (1971).

All three conditions requiring abstention are met here. First, it is clear from the Complaint that Plaintiffs' state criminal proceedings, in Tulsa County District Court Case Nos. CF-2020-2889 (Ware) and CF-2017-6158 (Stith), are ongoing. Dkt. No. 9, at 2, 5-6. Second, Plaintiffs have not plausibly alleged that they lack an adequate forum in state court to litigate their constitutional claims. Notably, "'unless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn*, 945 F.3d at 1258 (quoting *Crown Point I, LLC*, 319 F.3d at 1215). Plaintiffs allege in the Complaint that they lack an adequate state forum "because the Oklahoma Legislature has created a system by which the conflict capital counsel is funded out of the same 'court fund' that funds the judicial retirement accounts." Dkt. No. 9 at 9. Thus, Plaintiffs speculate, "every

4

judge in Oklahoma has a conflict of interest in deciding" Plaintiffs' constitutional claims. *Id.* Even if this Court accepts as true Plaintiffs' allegation that conflict counsel in capital cases and judicial retirees receive monies from the same "court fund," that fact does not demonstrate that Plaintiffs are entirely precluded from raising their constitutional claims, or their related judicial-bias claims, in state court. "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Winn*, 945 F.3d at 1258; *see also J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (discussing that to avoid *Younger* abstention plaintiffs bear burden to "show that they could not have raised their [federal] claims" during ongoing state proceeding). Under these circumstances, the Court finds the second condition requiring *Younger* abstention is satisfied. Third, the State necessarily has an important interest in prosecuting Plaintiffs for their alleged crimes. *See, e.g., Aid for Women v. Foulston*, 441 F.3d 1101, 1119 (10th Cir. 2006) (emphasizing that states have a "strong interest" in enforcing their criminal laws and other statutes).

Because all three conditions requiring abstention are met, the only remaining question is whether any exceptional circumstances militate against abstention. "[A]bstention is mandatory unless one of three exceptions applies: the prosecution was '(1) commenced in bad faith or to harass; (2) based on a flagrantly and patently unconstitutional statute; or (3) related to any such other extraordinary circumstance creating a threat of "irreparable injury" both great and immediate.'" *Winn*, 945 F.3d at 1258-59 (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995)). None of the factual allegations in the Complaint plausibly suggest that the first exception applies. Dkt. No. 9 at 5-9. Plaintiffs, however, expressly invoke the second exception by asserting that "Tulsa County Local Rule CR 10 (4) and/or Oklahoma's statutory scheme for limiting compensation of conflict counsel in death penalty cases is 'patently unconstitutional' and

5

is an exception to the *Younger* doctrine." *Id.* But this assertion does not support that "the *prosecution* [of either Ware or Stith] was . . . *based on* a flagrantly and patently unconstitutional statute." *Winn*, 945 F.3d at 1258-59 (emphases added). Plaintiffs are being prosecuted under state criminal laws, not under the allegedly unconstitutional state laws governing compensation for conflict counsel in capital cases.[1]

Finally, even if this Court were to construe Plaintiffs' factual allegations as attempting to invoke the third exception—irreparable injury—that exception too does not apply. Plaintiffs claim that they will suffer constitutional harms if the State is permitted to prosecute them because the attorneys appointed to represent them at their upcoming trials are being underpaid. But "*Younger* and its descendants tell us that the burden of having to endure a trial is not—outside the double-jeopardy context—irreparable injury in the *Younger* sense." *Winn*, 945 F.3d at 1263. Plaintiffs' allegations that they will be deprived of their rights to the effective assistance of counsel, to due process, and to equal protection of the law if they are prosecuted in state court do not allege irreparable injury sufficient to warrant federal intervention in their ongoing criminal prosecutions. *See, e.g.*, *Winn*, 945 F.3d at 1263-64 (concluding district court was required to abstain under *Younger* when appellant alleged his pending state criminal prosecution would be tainted by his allegedly invalid waiver of his right to a jury trial); *Sweeten v. Sneddon*, 463 F.2d 713, 715 (10th Cir. 1972) ("The claimed denial of Sixth Amendment rights [to have counsel appointed] does not afford an adequate basis for enjoining the state criminal proceedings since appellee has an adequate

---

[1] Even if Plaintiffs were alleging that any relevant criminal statute was unconstitutional, that would not preclude application of the *Younger* abstention doctrine. *See Samuels*, 401 U.S. at 67-68, 73 (concluding that the three-judge court should have abstained, under *Younger*, instead of "proceeding to a consideration of the merits of the New York criminal anarchy law" when two state criminal defendants awaiting prosecution under that law sought to enjoin the state prosecutions and, in the alternative, requested a declaratory judgment that the law was unconstitutional).

remedy at law in the state trial of this case, an appeal to the state supreme court, and the right to petition the Supreme Court of the United States for review of any federal question."). Like the appellee in *Sweeten*, Plaintiffs, *if convicted*, will have adequate mechanisms for presenting any federal constitutional claims in federal courts—following their trials and direct appeals to the Oklahoma Court of Criminal Appeals—either through a petition for writ of certiorari filed in the United States Supreme Court or a federal habeas petition. The availability of these mechanisms further underscore the absence of irreparable injury. Thus, the third exception does not apply here.

**C.    Conclusion**

Based on the foregoing analysis, this Court DISMISSES the Complaint, without prejudice, under the *Younger* abstention doctrine. As a result, the Court DENIES as moot Defendant Steve Kunzweiler's Motion to Dismiss [Dkt. No. 11], filed March 31, 2022.

THEREFORE, IT IS HEREBY ORDERED that:

1. The Second Amended Complaint [Dkt. No. 9] is DISMISSED without prejudice.
2. Defendant Steve Kunzweiler's Motion to Dismiss [Dkt. No. 11] is DENIED as moot.
3. This is a final Order terminating this action.
4. A separate judgment shall be entered in this matter.

Dated this 6th day of April 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE